**Order entered September 11, 2014**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01747-CV

### CHELSEA L. DAVIS, Appellant

### V.

### MCKOOL SMITH P.C., Appellee

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-14215**

## ORDER
Before Chief Justice Wright and Justice Lang-Miers

Before the Court are appellant's September 2, 2014 motion for extension of all deadlines and September 3, 2014 affidavit of indigence. The extension motion is appellant's third request to extend the briefing deadlines based, in part, on the need for a supplemental clerk's record which she asserts she cannot afford. By order dated July 1, 2014, we granted appellant's first request to the extent we stayed the briefing deadlines and ordered her to file, no later than July 11, 2014, written verification that she had filed an affidavit of indigence with the trial court in compliance with Texas Rule of Appellate Procedure 20.1. Rather than filing the requested verification, appellant tendered her brief. Accordingly, by order entered July 16, 2014, we reinstated the briefing deadlines and ordered appellant's brief filed. Appellant's brief was subsequently determined to be deficient, and she was directed to file an amended brief by August

18, 2014. That deadline was extended to August 28, 2014. One day before that deadline, appellant filed her second request to extend the briefing deadline based, in part, on the need for a supplemental clerk's record she asserted she could not afford. In that motion, appellant also asserted she had "been busy hiring a lawyer, speaking with human trafficking prosecutors, applying for jobs, speaking with the Department of Homeland Security regarding the child pornography bust in Dallas called Operation Round Table, and . . . the human trafficking enterprise . . . of which she is a victim that is the subject of the underlying lawsuit." She also asserted she had been out of town. We denied that motion by order dated September 2, 2014 and ordered appellant to file her amended brief no later than September 12, 2014.

Texas Rule of Appellate Procedure 20.1(c) provides that an affidavit of indigence must be filed with or before the notice of appeal. *See* TEX. R. APP. P. 20.1(c)(1). Rule 20.1(c) further provides that the time to file the affidavit may be extended upon the filing of an extension motion within fifteen days after the deadline, and the appellate court must give the appellant a reasonable time to file an affidavit. *See id.* 20.1(c)(3).

This is an accelerated appeal. Appellant's brief was originally due May 7, 2014. The deadline has been extended more than once and, despite an additional four month-extension in which to file, it has yet to be filed. At appellant's request, we stayed the briefing deadlines in July so that she could file an affidavit of indigence. She failed to do so. Although she asserts in her current extension motion that the briefing deadlines should be extended in part because a supplemental clerk's record is necessary, she fails to specify what pleadings are necessary. We **DENY** her motion for extension of all deadlines and **DENY** her affidavit of indigence. Appellant's brief remains due September 12, 2014.

/s/ ELIZABETH LANG-MIERS
JUSTICE